WILLIAM H. VAN BUREN, PLAINTIFF IN ERROR, v. WILLIAM H. DIGGES, USE OF JOSEPH LIBBEY.

Where a contractor engaged to build a house for a certain sum of money, and the owner of the house, when sued, offered to prove that there were various omissions in the work stipulated to be done, and portions of the work were done in a defective manner, not being as well done as contracted for, and filed a bill of particulars of these omissions and defects by way of set-off, this evidence was admissible.

The old rule, that, where a party shall have been injured, either by a partial failure of consideration for the contract, or by the non-fulfilment of the contract, or by breach of warranty, he must be driven to a cross action, has been much relaxed in later times. The case of Withers v. Greene (9 Howard, 213) referred to and reaffirmed.

Where the contract provided that, if the house were not finished by a certain day, a deduction of ten per cent. from the price should be made, and the defendant offered evidence to prove that this forfeiture was intended by the parties as liquidated damages, the evidence was properly rejected. It would have been irregular in the court to go out of the terms of the contract. Unless the forfeiture had been expressly adopted by the parties as the measure of injury or compensation, it would have been irregular to receive the evidence where the inquiry was into the essential justice and fairness of the acts of the parties.

Where the defendant offered to prove that certain work which he, the defendant, had caused to be done by a third person, was usual and proper, and necessary to the completion of the house, this evidence was properly rejected. He should have proved that it came within the contract. So, also, evidence was inadmissible that the defendant, in presence of the plaintiff, insisted upon its being within the contract; for this would have been making the defendant the judge in his own case.

Mere acquiescence by the contractor in the defendant's causing certain work to be done by a third person, will not exclude the contractor from the benefit of having further time allowed to finish the house. It was not necessary for him to make a special agreement that further time should be allowed, in consequence of the delay caused by this extra work.

THIS case was brought up, by writ of error, from the Circuit Court of the United States, sitting for the County of Washington, in the District of Columbia.

On the 7th of August, 1844, William H. Digges and William H. Van Buren entered into a contract in the city of Washington, as follows: —

"It is hereby agreed, between William Digges, of the city

of Washington, carpenter, of the one part, and W. H. Van Buren, M. D., of the other part, as follows :—

" First. The said William Digges agrees to build, or cause to be built, for the said W. H. Van Buren, a house, with office, back buildings, woodhouse, stable, and privies, in the style and of the materials set forth in the following specifications, and represented in the accompanying plan, to wit :—

(Then followed numerous specifications.)

" Second. That the said W. H. Van Buren is to pay to said William Digges for the house built and finished as above specified, the sum of $ 4,600 in gold or silver current money of the United States, or its equivalent in bank-notes, in the following manner; viz. $ 1,000 on the 1st day of September, $ 1,000 on the 1st of October, $ 1,000 on the 1st of November, and $ 1,600 on the day that the house is entirely finished and fit to occupy ; provided that it shall not be later than the 25th of December, 1844 ; he, William Digges, to forfeit ten per cent. on the whole amount if said house is not entirely completed and fit to occupy at the time agreed upon, viz. December 25th, 1844.

" If there should be any matters of detail or finish, or matters not specified properly, and usually attached to or necessary to the completion of a house such as the one above specified, such things are to be considered as included in this agreement.

" If any disagreement should occur between the parties in this agreement with regard to matters above specified, such disagreement shall be settled finally and without appeal, by three persons, one of whom to be selected by each of the parties, and the third chosen by the persons thus selected, and, if necessary, by lot.

" In witness whereof, the said parties have hereunto set their hands and seals this 7th day of August, in the year of our Lord 1844.

" W. H. Digges,
Wm. H. Van Buren.

" Signed and sealed in presence of—
Th. Lawson,
T. P. Andrews."

*An additional Agreement.*

" The undersigned hereby agree to the alterations of, and additions to, the above contract mentioned below; and also that this additional agreement shall in no respect invalidate the above contract, except in the specifications herein contained, to wit : that in place of ' the attic story with rooms,'

&c., as specified in the above contract, W. H. Digges is to build a third story, divided and finished in all respects like the second story, as specified above, except that the ceiling shall have nine feet pitch in the clear, and that there shall be a window on the stairway in the back wall, and a window on the gable end of the main building on the passage, each of the same size as the other windows of the story, and all to be double hung; and also a garret, floored, plastered, and divided as agreed upon, with the necessary stairways, in the best manner, and with the same material employed in the second story. The passage in the garret to have a semicircular window, with a base of equal width with the windows of third story, and made to slide into a frame in the wall, and each garret room to have a window on the east gable, except the small room on the passage, which is to be fitted up as a closet, with shelves and drawers, as specified for the corresponding room in the 'attic story' of the original agreement.

" And also, that for the third story and garrets as herein specified, W. H. Van Buren is to pay to W. H. Digges the sum of $ 525, when they shall be completed, in addition to all other payments already provided for. 'Pitch of second story to be reduced to eleven feet in the clear.'

" Signed this 1st day of September, 1844.

" WM. H. VAN BUREN,

W. H. DIGGES."

On the 26th of June, 1845, Digges filed an account with the clerk of the Circuit Court, under the act of Congress passed on the 2d of March, 1833 (4 Stat. at Large, 659), entitled "An Act to secure to mechanics and others payment for labor done and materials furnished in the erection of buildings in the District of Columbia"; and claimed the lien given by that act. The account was as follows:—

*Account.*

Dr. William H. Van Buren to William H. Digges. — DR.

1845, April 21.

To the price of the contract for building, &c., on lots 11 and 12, in square 169, . . . . $ 4,600.00
To the addition thereto, and alteration in the plan thereof, as per agreement of 1st September, 1844, . 525.00
To additional extra work required by you to be done on said building, not specified in said contract, or the additional agreement aforesaid, viz.:—
Paid bricklayers for extra work, . . . . . 101.71
Removing fence, . . . . . . . 7.00

Van Buren *v.* Digges.

| | |
|---|---:|
| Grading the yard, . . . . . . | 12.00 |
| Window in the gable end of main house, . . | 25.00 |
| Two closets in the office, . . . . . . | 14.00 |
| Two do. dining-room, . . . . . . | 15.00 |
| Snow breakers on the roof, . . . . . | 6.00 |
| Cutting three holes in parlor floor for furnace, . | 1.50 |
| Cutting ⌒ window in gable end, . . . . | 2.50 |
| Fixing sliding door in closet between dining-room and kitchen, . . . . . . . . | 20.00 |
| Shelf connecting cases in the office, . . . | 6.50 |
| To extra additional size of closet in office, . . | 6.50 |
| To two course brick additional height of third story, | 11.50 |
| To plastering the additional height, . . . . | 3.64 |
| To extra width of three frames back of the house, . | 21.00 |
| | $ 5,376.85 |

On the 31st of January, 1846, Digges sued out a *scire facias*, on which the marshal returned made known. The defendant then put in a plea of non-assumpsit, and the case went on regularly in that form, no declaration having ever been filed, but it was agreed that a declaration should be considered as if embraced by the record.

In April, 1847, the following notice of set-off was filed:—

" WM. H. DIGGES *v.* W. H. VAN BUREN. — *Notice of Set-off.*

" Take notice that the above-named defendant, on the trial of this cause, will give in evidence, and insist, that the above plaintiff, before and at the trial of the commencement of this suit, was and still is indebted to the said defendant in the sum of seven hundred and seven dollars for divers materials and other necessary things made, done, furnished, used, and applied in and about a certain building that the plaintiff had undertaken and contracted to build for the defendant, at the county of Washington, in the District of Columbia, and which said materials and things were so used, applied, done, and finished on account of, and in behalf of, at the special instance and request of, the plaintiff; and also in the sum of seven hundred and seven dollars for money by the defendant before that time paid, laid out, and expended for the plaintiff by the defendant, on account of and on the behalf of the said plaintiff, under his contract as aforesaid, and by his special instance and request; and that the said defendant will set off and allow to the said plaintiff on the said trial so much of the said several sums of seven hundred and seven dollars, so due and owing from the said plaintiff to the said defendant, against any demand of the

Van Buren *v.* Digges.

said plaintiff, to be proved on the said trial, as will be sufficient
to satisfy and discharge such demand, according to the form of
the statute in such case made and provided.

"Dated this       day of April, 1847.

"H. MAY, *Defendant's Attorney.*

"To WM. H. DIGGES, Present."

"MEMO. — A particular account of the above set-off is hereto
annexed.                   H. MAY, *Defendant's Attorney.*

*Wm. H. Digges to W. H. Van Buren, Dr., to amounts paid.*

1844.

| | | |
|---|---|---:|
| Nov. 5. | Charles E. Craig, for painting and pencilling front of house, | $ 40.00 |
| Dec. 23. | R. J. & W. Brown for cornicing parlors and vestibule, and centre-pieces with hooks, &c. | 75.90 |
| Dec. 24. | Do., for plastering house, | 30.00 |
| 1845. | | |
| Jan. 4. | P. L. Coltman, for paving, &c., | 109.85 |
| Feb. 5. | Thomas Curtes, for bricks and digging, &c., | 40.00 |
| " | R. O. Knowles, for fencing walls, &c., | 44.55 |
| Mar. 10. | Thos. Curtes, for digging and curbing, &c., | 26.26 |
| " 27. | Lewis H. Schneider, for hanging bells, &c., | 57.63 |
| Apr. 3. | Thos. Curtes, for screws, gravel, bricks, &c., | 22.21 |
| " 30. | F. H. Darnell, for painting, | 15.00 |
| May 2. | S. W. Wheeler, for shelves and repairs and jobbing, | 13.25 |
| " 3. | F. & A. Schneider, for kitchen crane, rings to manger, | 4.87 |
| " 9. | Do., for 4 night latches and putting on same, | 5.50 |
| " 10. | Taylor, for paving, repairing gate-piers, and pointing walls, | 28.17 |
| " 12. | Hughes, for sodding and work about yard, | 41.50 |
| " 27. | Hervey Emmert, to repairs to spouting, | 13.87 |
| July 2. | C. L. Coltman, for paving stable-yard, | 57.98 |
| " 2. | R. O. Knowles, for closets in chambers, and repairs, | 58.75 |
| Sept. | Bessy, for steps, &c., | 24.00 |
| | Sundry amounts paid for repairs and jobbing, | 38.75 |
| To amount paid for rent of house occupied by defendant from 25 Dec., 1844, to 16 April, 1845, | | 155.16 |

In March, 1847, the cause came on for trial, when the jury,
under the instructions given by the court, found a verdict for the
plaintiff for $ 1,223.21, with interest from the 21st of August,
1845, and costs.

The bills of exception were as follows: —

Van Buren v. Digges.

## Defendant's First Exception.

"Van Buren v. Digges, Use of Libbey.

"The plaintiff, in support of the issue joined upon the plea of non-assumpsit, produced and proved written contracts between the parties, as follows (copied in pp. 461–463), and further offered evidence tending to prove that he had executed the work therein stipulated for, and had delivered it to the defendant, who received it without objection. And thereupon the defendant offered to prove, by competent witnesses, that, before receiving the said work, and during the progress thereof, he had objected to the sufficiency of various parts of the same as a compliance with the contract, and had communicated said objections to the plaintiff, and that there were various omissions of work stipulated to be done, and various portions of the work contracted for were done in a defective and inferior manner, and not as well as contracted for by the plaintiff, and that some of these defects were not and could not be discovered by the defendant until after the defendant had entered into the possession and use of the house; and the defendant offered to prove, by way of set-off, and having filed a bill of particulars of said alleged omissions and defects, and given due notice thereof to the plaintiff, and of his purpose in reduction of the contract price of the whole work sued for by the plaintiff, the value of said omissions, and the difference in value between the actual work defectively executed and that contracted for; to which evidence so offered, or any of it, the plaintiff objected as inadmissible under the issue; and the court, on the objection of the plaintiff so taken, refused to admit any of said evidence for said purpose; to which refusal the defendant excepts, and tenders to the court this his bill of exceptions, which is thereupon signed and sealed, this 14th day of April, 1847.

"W. Cranch,
James S. Morsell."

## Defendant's Second Exception.

"In addition to the evidence contained in the aforegoing bills of exception on the part of defendant, and which are made a part hereof, the defendant, for the purpose of informing the court as to the relation and situation of the said defendant in regard to the said house, and the plan and building thereof, and the said plaintiff, at the time of the execution of the contract aforesaid, and the circumstances surrounding the parties, and leading and inducing to the said contract, offered evidence by T. P. Andrews, a competent witness, and who was present at the execution of said contract, and signed the

same as a witness, tending to prove that the said defendant intended to reside in the said house with his family as their permanent home; that the site of the same was selected by him on account of its great convenience to be a place of business; that the plan thereof was, in many respects, peculiar, and according to his own plan, and intended for his own convenience and professional habits; and that the amount of ten per cent. on the contract price, stipulated by the contract aforesaid to be forfeited if the said house was not entirely finished and fit to occupy, as therein provided, on the 25th of December, 1844, was intended by the said parties, at the time of entering into said contract, as and for the liquidated damages that would result and fairly belong to the said defendant by reason of said failure to finish the said house on the 25th of December, 1844; to which said offered evidence, and every part thereof, the plaintiff objected, and the court refused to hear the same; to which refusal of the court the defendant, by his counsel, excepts, and prays the court to sign, seal, and enroll this his bill of exception, which is accordingly done, this 15th day of April, 1847.                                    W. CRANCH,
                                       JAMES S. MORSELL,
                                       JAMES DUNLOP."

### *Defendant's Third Exception.*

" Upon the further trial of this cause, and in addition to the evidence contained in the aforegoing bills of exceptions, the plaintiff having given evidence tending to show that the said defendant, while the said house was being built, made a contract for an alteration in the style and finish of the plastering of the said house, which contract was made with a third person, and not with the plaintiff, and thereby the execution of the work on the said building was delayed beyond the said 25th of December, 1844; the defendant offered evidence tending to prove that the said plastering, and the style and finish thereof, was usual and proper and necessary to the completion of the said house; and further offered to prove, that at the time of the execution of the said plastering the defendant, in the presence of the plaintiff, insisted on and required him to execute the same as a part of his contract, and that he refused so to do. To the admissibility of which said offered-evidence, and every part of it, the plaintiff objected, and the court refused to permit the same or any part thereof to go to the jury; to which refusal the defendant excepts, and prays the court to sign, seal, and enroll this his exception, which is accordingly done, this 15th day of April, 1847.            W. CRANCH,
                                          JAS. S. MORSELL."

### *Defendant's Fourth Exception.*

" On the further trial of this cause; and after the evidence contained in the foregoing bills of exceptions, and which are made a part hereof, the defendant offered evidence tending to prove that he had paid, laid out, and expended various sums of money to various persons other than the plaintiff, for and on account of the omissions and deficiencies in the work and materials done and furnished by the plaintiff, and omitted to be done and furnished by him under his said contract; and offered to prove, in connection therewith, that such omissions and deficiencies were in and about the work and materials furnished and done by the plaintiff under his said contract; but the said plaintiff objected to the admissibility of the said offered evidence, and every part thereof, and the court refused to allow the same, or any part thereof, to go to the jury; to which refusal of the court the defendant excepts, and prays the court to sign, seal, and enroll this his exception, which is accordingly done, this 15th day of April, 1847.

·W. Cranch,

.Jas: S. Morsell."

### *Defendant's Fifth Exception.*

" Upon the further trial of this cause, the plaintiff having given evidence in addition to that contained in the aforegoing bills of exceptions, and which are made a part hereof, tending to prove that he had, at the request of defendant, in addition to the work and labor and materials provided for in the said contract, done and performed certain extra work, and furnished extra materials on and about the said house and premises, and for which he claimed extra compensation and damages over and above the amount specified in the said contract, and the defendant, having offered evidence tending to prove that he did not consent to any extension of the time for completing the said house as provided by the said contract, prayed the court to instruct the jury, that if, from the whole evidence aforesaid, the jury shall believe that any extra work ordered or sanctioned by defendant beyond that provided for by the written agreements did not entitle the plaintiff to any extension of time in the completion of said work, unless the jury shall find that at the time of agreeing for said work it was distinctly understood that extra time should be allowed in consequence, and then only to the extent of the time actually agreed upon, or in the absence of any agreement for a precise time, to such extent as was reasonably necessary for such extra work; which instruction the court gives, and on the prayer of the plaintiff adds thereto: But the court further instructs the jury, that the de-

fendant is not entitled to set off in this action the sum. of ten per cent. on the amount of the contract mentioned in the proviso in the said contract, nor any damages which may have resulted to the defendant by any delay on the part of the plaintiff in completing the said house, and delivering the. same to the defendant on the said 25th. of December, 1844. To which modification of the court and instruction on the part of the plaintiff, as above granted, the defendant excepts, and prays the .court to sign, seal, and enroll this his bill of exceptions, which is accordingly done, this 15th day of April, 1847.

W. CRANCH,
JAS. DUNLOP."

### Defendant's Sixth Exception.

" And the said plaintiff, having further given evidence tending to show that, after the plastering of the said house had been begun, the defendant entered into a contract with the plasterer to make cornice and centre-pieces for the parlors and passage, that a delay in the work for a week was occasioned by the negotiation leading to the said agreement, and a further delay of two weeks was occasioned by the work required on the said additional plastering, and part of the same being frozen insomuch that the said plasterer did not and could not finish the said work until some days after the said 25th of December, 1844, and much of the carpenters' work and the painters' was thereby postponed and delayed until after the said day; the said defendant then gave evidence to show that the plaintiff knew of the said agreement for the said additional plastering, and did not object thereto.

" And thereupon the defendant prayed the court to instruct the jury : If the jury shall find, from the evidence, that any delay was caused in completing the work in consequence of the extra plastering in the parlors and passage, done under the distinct contract between the defendant and Messrs. Brown, given in evidence, and they shall further find that said extra plastering was so done with the full knowledge and sanction of the plaintiff, and without any understanding between him and the defendant at the time, that in consequence thereof a further time should be allowed for. completing the building, then the plaintiff is not entitled to any further time for completing the building because of such work and the delay attending the same.

" That the forfeiture of ten per cent. in the contract price of the work for a failure to complete the same by the 25th of December, as stipulated in the written contract given in evidence, is to be held as the liquidated amount of damage for the failure;

to complete the work in that time, and the defendant is entitled to a deduction of the full amount thereof from the specified price of the work, unless the jury shall find that the failure to complete the same by said date proceeded wholly from the acts or default of the defendant, so that, independently of such acts or default, he would have so completed it within said time.

" Which instructions, and each of them, the court refused to give; to which refusal of the court the defendant excepts, and prays the court to sign and seal this his bill of exceptions; which is done accordingly, this 15th of April, 1847.

W. CRANCH,
JAMES S. MORSELL,
JAMES DUNLOP."

### *Defendant's Seventh Exception.*

" If the jury shall find, from the evidence aforesaid, that the plaintiff contracted with the defendant, in writing, to build, complete, and deliver the said house to him on or before the 25th of December, 1844, and that the plaintiff failed so to do, and shall further find that the time for said completion and delivery was not extended beyond the said 25th of December, 1844, by the agreement of the said plaintiff and defendant, or by the act of the defendant, then the plaintiff is not entitled to recover in this action.

" Which the court refused to give; to which refusal the defendant prays leave to except, and that the court will sign and seal this his bill of exceptions; which is accordingly done, this 15th of April, 1847.  W. CRANCH,
JAMES S. MORSELL."

### *Defendant's Eighth Exception.*

" If the jury find, from the evidence aforesaid, that the plaintiff contracted, by the contract of the      day of      aforesaid, and the additional agreement thereto of the      day as aforesaid, to build, complete, and deliver to the defendant the said house on or before the 25th of December, 1844, and that the plaintiff failed so to do, then the defendant is entitled to claim ten per cent. as a deduction on the whole amount of the contract price from the claim of the plaintiff; provided the jury shall find, from the evidence, that the plaintiff could reasonably have so completed and delivered the said house on the 25th of December aforesaid, and notwithstanding the jury may further find that the building and completion thereof were delayed by the act of the defendant.

" Which instruction the court refused to give; to which re-

fusal the defendant excepts, and this his bill of exceptions is signed, sealed, and ordered to be enrolled, this 15th of April, 1847.

> W. Cranch,
> James S. Morsell,
> James Dunlop."

### Defendant's Ninth Exception.

" If the jury find, from the evidence, that the plaintiff contracted with the defendant to build, complete, and deliver to him the said house on the 25th of December, 1844, and failed so to do, then the defendant is entitled to claim ten per cent. on the amount of the whole price of the contract, as a deduction from the plaintiff's claim.

" If the jury shall find, from the evidence, that the plaintiff contracted with the defendant, in writing, to build, complete, finish, and deliver to him the said house on or before the said 25th of December, 1844, and shall further find that the said plaintiff failed so to do, and that the time for said completion and delivery was not extended by agreement of the parties beyond the said 25th of December, 1844, then the plaintiff is not entitled to recover in this action.

" Which instruction the court refused to give. Whereupon the defendant, by his counsel, excepted to said refusal, and prayed the court here to sign and seal this his bill of exceptions; which is accordingly done, this 15th of April, 1847.

> W. Cranch,
> James S. Morsell,
> James Dunlop."

Upon these exceptions, the case came up to this court.

It was argued by *Mr. May*, for the plaintiff in error, and *Mr. Bradley*, for the defendant in error.

*Mr. May*, for the plaintiff in error, contended that the Circuit Court had erred.

The principle asserted in the first, fourth, and fifth exceptions is understood to be, —

That in an action to recover the stipulated price on a special contract (to build a house, where the house, when built, has been accepted), evidence cannot be offered to show a partial failure to perform the same, according to its terms. Neither can money paid to a stranger to complete the same or on account of said failure, nor any evidence of damages suffered by reason of such failure, be offered to reduce the said price, even though the same be specially pleaded, or notice by way of set-off, with a particular account thereof, be filed in the case.

Against this principle the following authorities will be relied on. Act of Assembly of Maryland of 1785, ch. 46, § 7; Evans's Maryland Practice, 153; 2 Evans's Harris, 37; 2 Greenleaf's Evidence, § 136, and cases there cited; Basten v. Butter, 7 East, 482; Poulton v. Lattimore, 9 Barn. & Cress. 263; Runyan v. Nichols, 11 Johns. 547; Withers v. Greene, 9 Howard, 213.

The second exception denies that it is the duty of the court to hear evidence to aid its exposition of a doubtful intention appearing in a written instrument, so as to give it effect according to the real intentions of the parties.

Against this will be cited, 1 Greenleaf's Evidence, § 277; Gray v. Harper, 1 Story, 574; Smith v. Bell, 6 Peters, 75; Bradley v. Steamboat Co., 13 Peters, 99.

The fifth and eighth exceptions declare that the sum of ten per cent., as agreed by the said contract to be forfeit, in case the said house was not completed and delivered by the 25th of December, 1844, was intended by the parties as "a penalty," and not as "liquidated damages," and could not be set off or discounted against the plaintiff's claim.

Against this will be cited, 2 Pothier on Obligations, by Evans, note No. 12, pp. 85–98; Davies v. Penton, 6 Barn. & Cress. 224; Lindsay v. Anesley, 6 Iredell, 189; Fletcher v. Dyche, 2 Term Rep. 32; Huband v. Grattan, 1 Alcock & Napier, 394; Crisdee v. Bolton, 3 Carr. & Payne, 240; Leighton v. Wales, 3 Meeson & Welsby, 545; Nobles v. Bates, 7 Cowen, 309; Dakin v. Williams, 17 Wendell, 454; Allen v. Brazier, 2 Bailey, (S. C.) 295; Brewster v. Edgarly, 13 N. Hamp. 277; Mead v. Wheeler, Ibid. 354.

*Mr. Bradley,* for the defendant in error, referred to the following authorities : —

On the first point, 12 Wheaton, 183, 189, 193.

Second point, 13 Peters, 99.

Third point, 7 Wheaton, 13, 16, 17, 18.

Mr. Justice DANIEL delivered the opinion of the court.

The defendant in error, in a form of proceeding practised in the court of Washington, instituted a suit in the nature of an action of assumpsit against the plaintiff, upon a contract in writing for building a house. The contract between these parties, which is drawn out in much minuteness of detail, it is not deemed necessary to set forth here *in extenso* in order to a correct understanding of the questions of law raised upon this record. Enough for that purpose will be shown in the following extracts from the agreement above mentioned.

After giving the dimensions of the house to be built, the con-

tract proceeds with these stipulations concerning the work to be done, and the compensation to be paid therefor : —

" House to be built of two stories, with attic chambers above, of first-rate materials throughout, including office and back buildings, and in the best and most modern style of workmanship, and to be entirely finished and fit for occupation on or before the 15th of December, 1844.

" For the brick-work throughout, the best hard-burned red brick are to be employed, with sharp river sand and best lime. For the flooring throughout, the best quality narrow North Carolina yellow heart pine, tongued, grooved, and secret nailed. Roofs to be slated in the best manner. Spouting to be thoroughly arranged, in the least conspicuous manner, so as to carry off all the water that falls on the roofs of the main building, office, and back buildings. Door and window frames and doors to be of perfectly seasoned material, warranted not to shrink."

After a long detail, having reference rather to an enumeration than to the quality of the several things to be done in completing the house and offices, the agreement concludes in these words : — " That the said William H. Van Buren is to pay to the said William Digges for the house built and finished as above specified, the sum of $4,600 in gold or silver current money of the United States, or its equivalent in bank-notes, in the following manner ; viz. $1,000 on the 1st day of September ; $1000 on the 1st day of October ; $1,000 on the 1st day of November ; and $1,600 on the day that the house is entirely finished and fit to occupy, provided that it shall not be later than the 25th day of December, 1844 ; he, the said William Digges, to forfeit ten per cent on the whole amount, if the said house is not entirely completed and fit to occupy at the time agreed upon, viz. December 25th, 1844."

Subsequently, viz. on the 1st day of September, 1844, the above agreement was altered by the parties in the following particulars, viz " that in place of the attic story with rooms, as specified in the above contract, William H. Digges is to build a third story, divided and finished in all respects like the second story" ; and after reciting some directions with respect to divisions and arrangements in this third story, the new agreement provides for the " finishing of a garret ; to be floored, plastered, and divided as agreed upon, with the necessary stairways, in the best manner and with the same materials employed in the second story."

For the work to be performed under this new agreement, when it should be completed, the plaintiff in error was to pay the additional sum of $525 ; but no stipulation appears there-

40*

in as to the time within which this additional work was to be completed.

The plaintiff in error, the defendant below, pleaded the general issue (*non assumpsit*), filed a bill of particulars amounting to the sum of $ 707, for moneys paid, expenses incurred, and damage sustained, by reason of the non-performance by the plaintiff of his agreement; and filed also with this bill of particulars a notice in writing, in which the amount of that bill was claimed in diminution of the plaintiff's demand. Upon the issue joined, the jury rendered a verdict for the plaintiff, for the sum of $ 1,223.21, with interest from the 21st day of August, 1845, till payment, and for this sum, with the costs of suit, the court gave judgment against the defendant below.

At the trial of this cause, there were nine separate prayers to the court, and nine bills of exceptions sealed to the rulings of the court upon the prayers thus presented to them. Some of these exceptions it will be unnecessary particularly to discuss, as they are clearly embraced, if not within the terms, certainly within the meaning, of others which were taken. We will therefore examine those exceptions only which are regarded as propounding in themselves some distinct and separate legal principle.

The first exception by the defendant below, the plaintiff in error here, is as follows:—

" The plaintiff, in support of the issue joined upon the plea of *non assumpsit*, produced and proved written contracts between the parties, as follows (copied in pages 461 – 463), and further offered evidence tending to prove that he had executed the work therein stipulated for, and had delivered it to the defendant, who received it without objection. And thereupon the defendant offered to prove, by competent witnesses, that, before receiving said work, and during the progress thereof, he had objected to the sufficiency of various parts of the same as a compliance with the contract, and had communicated said objections to the plaintiff, and that there were various omissions of work stipulated to be done, and various portions of the work contracted for were done in a defective and inferior manner, and not as well as contracted for by the plaintiff, and that some of these defects were not and could not be discovered by the defendant, until after the defendant had entered into the possession and use of the house; and the defendant offered to prove, by way of set-off, and having filed a bill of particulars of said alleged omissions and defects, and given due notice thereof to the plaintiff, and of his purpose in reduction of the contract price of the whole work sued for by the said plaintiff, the value of said omissions, and the difference in value between

the actual work defectively executed, and that contracted for; to which evidence so offered, or any of it, the plaintiff objected, as inadmissible under the issue, and the court, on the objection so taken, refused to admit any of said evidence for said purpose."

The decision of the Circuit Court, rejecting the evidence described and tendered for the purposes set forth in this exception, cannot be sustained upon any sound legal principle.

We are aware of the rule laid down in the earlier English cases, which prescribed that in all instances wherein a party shall have been injured, either by a partial failure of consideration for the contract, or by the non-fulfilment of the contract, or by breach of warranty, the person so injured could not in an action against him upon the contract defend himself by alleging and proving these facts; but could obtain redress only by a cross action against the party from whom the injury shall have proceeded. This doctrine of the earlier cases has been essentially modified by later decisions, and brought by them to the test of justice and convenience, which requires, that whenever compensation or an equivalent is claimed by a party in return for the performance of conditions for which such compensation or equivalent has been stipulated, the person so claiming is bound to show a fulfilment in good faith of those conditions; and the party against whom the claim shall be made shall be permitted to repel it by proof of an entire failure to perform, or of an imperfect or unfaithful performance; or by proof of injurious consequences resulting from either of these delinquencies; and shall not be driven exclusively to his cross action. Of this doctrine the following examples, amongst others to be found, may be adduced from the English courts.

Per Parke, Justice, in the case of Thornton v. Place, 1 Moody & Robinson, 219, it is said: " When a party engages to do certain work on certain specified terms, and in a specified manner, but in fact does not perform the work so as to correspond with the specification, he is not of course entitled to recover the price agreed upon in the specification; nor can he recover according to the actual value of the work, as if there had been no special contract. What the plaintiff is entitled to recover is the price agreed upon, subject to a deduction, and the measure of that deduction is, the sum which it would take to alter the work so as to make it correspond with the specification."

In Chapel v. Hicks, 2 Carrington & Marshman, 214, it is said: " In an action on a special contract for work done under the contract, and for work and materials generally, the defendant may give in evidence that the work has been done im-

properly, and not agreeably to the contract; in that case, the plaintiff will only be entitled to recover the real value of the work done and materials supplied."

In the case of Cutler v. Close, 5 Car. & Payne, 337, where a party had contracted to supply and erect a warm-air apparatus for a certain sum, it was ruled, in an action for the price (the defence to which was, that the apparatus did not answer), that, if the jury thought it was substantial in the main, though not quite so complete as it might be under the contract, and could be made good at a reasonable rate, the proper course would be to find a verdict for the plaintiff, deducting such sums as would enable the defendant to do what was requisite. And Tindal, C. J., in his instructions to the jury, uses this language : "The plaintiffs say that they have performed their contract, and are entitled to be paid. On the contrary, the defendant says that the apparatus is not at all of the sort he contracted for; and therefore he is not liable to pay for it. The law on the subject, as it seems to me, lies in a narrow compass. If the stove in question is altogether incompetent, and unfit for the purpose, and either from that, or from the situation in which it is placed, does not at all answer the end for which it was intended, then the defendant is not bound to pay. If it is perfect, and the fault lies in management at the chapel, then the plaintiffs will be entitled to recover the whole price. But there is another view of the case. The apparatus may be in the main substantial, but not quite so complete as it might be according to the contract; and in that case, if it can be made good at a reasonable expense, the proper course will be, to give your verdict for the plaintiffs, deducting such sum as will enable the defendant to do that which is requisite to make it complete."

But, as conclusive with this court upon this point, it may be remarked, that it was carefully considered at the last term in the case of Withers v. Greene, 9 Howard, 213; the decisions applicable thereto from the courts both in England and the United States were then collated and examined, and upon that examination the doctrine herein above propounded received the concurrence of all the judges. Again expressing our approbation of this doctrine, we conclude that the proof tendered, as declared in the first exception of the defendant below, should have been admitted, and that the Circuit Court erred in ruling its exclusion from the jury.

The second exception by the defendant states, that, in addition to the evidence previously tendered by him, he offered proof tending to show the peculiar adaptation of the house contracted for, both in its design and situation, to the defendant's personal and professional pursuits and convenience, and

that the amount of ten per centum on the contract price stipulated to be forfeited if the house was not entirely finished and ready for occupation, as therein provided, on the 25th of December, 1844, was intended by the parties as and for liquidated damages, that would result and fairly belong to the said defendant by reason of said failure to finish the said house on the 25th of December, 1844; and that the court refused to hear the evidence thus tendered. In the refusal of the court to admit the evidence thus tendered we think they decided correctly. It would have been irregular in the court to go out of the terms of the contract, and into the consideration of matters wholly extraneous, and with nothing upon the face of the writing pointing to such matters as proper or necessary to obtain its construction or meaning. The clause of the contract providing for the forfeiture of ten per centum on the amount of the contract price, upon a failure to complete the work by a given day, cannot properly be regarded as an agreement or settlement of liquidated damages. The term forfeiture imports a penalty; it has no necessary or natural connection with the measure or degree of injury which may result from a breach of contract, or from an imperfect performance. It implies an absolute infliction, regardless of the nature and extent of the causes by which it is superinduced. Unless, therefore, it shall have been expressly adopted and declared by the parties to be a measure of injury or compensation, it is never taken as such by courts of justice, who leave it to be enforced where this can be done in its real character, viz. that of a penalty. In a defence like that attempted by the defendant in the Circuit Court, upon the essential justice and fairness of the acts of the parties, a positive immutable penalty could hardly be applied as a fair test of their merits.

In the third exception by the defendant, it is stated that the plaintiff, having given evidence to show that the defendant, whilst the house in question was being built, made a contract for an alteration in the style and finish of the plastering of the house, with a third person, and not with the plaintiff; and thereby the execution of the work on the said building was delayed beyond the 25th of December, 1844; the defendant offered evidence tending to prove that the said plastering and the style and finish thereof were usual and proper and necessary to the completion of the said house; and further offered to prove, that, at the time of the execution of the said plastering, the defendant in the presence of the plaintiff insisted on and required him to execute the same as a part of his contract; and that he refused so to do, and that to the admissibility of this evidence, objection being made, it was excluded

from the jury by the court. In this decision the court were certainly correct. The defendant could have no right to insist upon the performance of plastering, or of any other description of work, unless it came within the provisions of the contract; the simple fact that the work demanded was suitable to the style of the defendant's house, could give him no right to demand its execution, unless the plaintiff had contracted for its performance. It was incumbent, therefore, on the defendant, to prove by legal evidence that the work demanded by him was within the provisions of the contract; but instead of doing this, he insisted upon showing merely that he, the defendant, had determined this work to be proper and within the provisions of the contract, and that the plaintiff's non-concurrence in this determination, and consequent refusal to do what the defendant required, were to be received as proof of a failure on the part of the plaintiff to perform his contract; and as forming a just ground with the defendant for his resistance to the action. It would indeed have been strange, if the court could have tolerated such an irregularity as this; by which the defendant would have been permitted to become a witness in his own behalf.

The fourth and fifth exceptions on the part of the defendant below, relating merely to the admissibility of testimony to show a failure to perform, or an incomplete performance, on the part of the plaintiff, are embraced within the first exception already considered, and the rulings of the court as to these two last instances being in contravention of our opinion as declared upon the first exception, are pronounced by this court to be erroneous.

In the sixth exception of the defendant, two subjects essentially distinct in character are blended. As to the first, it is stated that the plaintiff, having further given evidence tending to show that, after the plastering of the house was begun, the defendant entered into a contract with the plasterer to make cornices and centre-pieces for the parlors and passages; that a delay in the work for a week was occasioned by the negotiation leading to the said agreement; and a further delay of two weeks by the additional plastering, and part of the same being frozen, insomuch that the plasterer could not finish the work until some days after the 25th of December, 1844, and much of the carpenters' work and the painters' was thereby postponed and delayed until after the said day; and the said defendant then gave evidence to show that the plaintiff knew of the said agreement for the said additional plastering, and did not object thereto. And thereupon the defendant prayed the court to instruct the jury, that if they shall find that any delay

was caused in completing the work in consequence of the extra plastering in the parlors and passage, done under the distinct contract therefor given in evidence, and they shall further find that said extra plastering was so done with the full knowledge and sanction of the plaintiff, and without any understanding between him and the defendant at the time, that in consequence thereof a further time should be allowed for completing the building, then the plaintiff is not entitled to any further time for completing the building because of such work, and the delay attending the same.

The second subject embraced in this exception is the forfeiture of ten per centum upon the contract price of the work, which the court was asked to declare was the amount of liquidated damages, the whole amount of which on the price of the work the defendant was authorized to claim for a failure to complete the work by the 25th of December, 1844, unless the jury should find that the failure to complete the work proceeded wholly from the acts or default of the defendant. The refusal by the Circuit Court of both the instructions appearing upon this exception is entirely approved.

It is difficult to conceive, upon what ground the defendant could be permitted to interpose an obstruction to the fulfilment of the contract, and then to convert that very obstruction into a merit on his own part, or into the foundation of a claim against the party whom he had already subjected to the inevitable consequences of the obstruction so interposed; an inability to comply with his engagement, and a postponement of the fruits of a compliance therewith, if that had been permitted. Mere acquiescence in this irregularity by the plaintiff should not subject him to farther mischief. With respect to the second subject embraced in this exception, viz. the forfeiture of ten per centum claimed by the defendant, we deem it unnecessary to add to what has been already said on that subject. We will here remark, once for all, with respect to this penalty, that, as it constitutes the only ground for the eighth and ninth exceptions taken by the defendant below, those exceptions must be regarded as expressly overruled.

By the seventh exception of the defendant below, it appears that the court were asked to propound as the law, that if, from the evidence, it should appear that the plaintiff contracted with the defendant in writing, to build, complete, and deliver the said house to him on or before the 25th day of December, 1844, and that the plaintiff failed to do so; and the jury shall find that the time for said completion and delivery was not extended beyond the said 25th of December, 1844, by the agreement of the said plaintiff and defendant, or by the act of the

defendant, then the plaintiff is not entitled to recover in this action, which instruction the court refused to give.

The ruling of the court, as set forth in this exception, though not reconcilable with their own decision on the first prayer presented to them by the defendant, is in accordance with the opinion we have expressed in reference to the questions raised by that prayer, and also with the doctrine ruled by this and in other tribunals upon those questions, as in treating of that first prayer we have already shown. It places the parties upon the true ground of contestation between them, viz. the truth, the extent, and manner of performance on the one hand; the degree of injury, from omission, neglect, or imperfection of performance on the other. The ruling of the Circuit Court, therefore, upon this exception, is entirely approved; but as that court has erred in its decision in reference to the prayers in the first, fourth, and fifth exceptions of the defendant, its decision as to those prayers is hereby reversed, with costs, and this cause is remanded to the Circuit Court, with orders for a *venire facias* for a new trial in conformity with the principles expressed in this opinion.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Columbia, holden in and for the County of Washington, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions to award a *venire facias de novo.*