Peelle, J.,
delivered the opinion of the court:
June 24,1895, the claimant, a corporation organized under the laws of Ohio, and the defendants, through Jared A. Smith, lieutenant-colonel, United States Army, entered into the contract, made part of the petition herein, whereby the claimant, in consideration of the sum of $16,987, payable as therein provided, agreed “to furnish all the materials and labor necessary to completely construct, erect, aud deliver on the date named in the specifications (September 30,1895), the crib and stone foundations for the Sandusky Bay range-light station, Ohio, in strict accordance with the terms of the specifications.”
The contract, among other things, further provided:
“And the said party of the first part further agrees to forfeit the sum of twenty dollars ($20) per day for each and every day’s delay in completing and delivering the work after said date; and the amount thereof to be deducted from any sum which might be due the said party of the first part in the hands of the Light-House Establishment.”
Paragraph 17 of the specifications for the work provided, among other things, that “ an inspector will be employed by the United States to supervise the construction of the beacon crib;” and in conformity therewith an inspector was employed, and he was paid by the United States at the rate of $120 per month during the whole period of the work, including sixty-four days after September 30, 1895; or during the said period of sixty-four days the defendants paid said inspector the sum of $256.
During the performance of a part of the contract by the *480 claimant, a steam tug with, her officers and crew, regularly in the service of the United States, were, under the supervision of the engineer officer of the United States Army who signed said contract, employed, among others, upon said works, but for how long or at what expenses, if any, to the defendants on account thereof does not appear.
In the performance of its contract the claimant was, by reason of stormy weather and other causes, not the fault of the defendants, delayed in the completion and delivery of said work until December 3, 1895, or sixty-four days subsequent to the date when, by the terms of the contract, the work was to have been comideted.
By reason of the delay aforesaid the defendants deducted from the consideration price agreed upon for the work the sum of $20 per day therefor, amounting in the aggregate to $1,280, and refused to pay said sum or any part thereof to the claimant.
While the claimant was undoubtedly delayed or hindered in the performance of its contract by reason of stormy weather during a portion of the time, we do not think the facts sufficient to bring the case within the rule that performance was thereby rendered impossible. It was certainly rendered more difficult, and attended, as the facts show, with greater expense therefor; but we are inclined to the opinion that all the difficulties encountered by the claimant in the performance of its contract were such as an ordinarily prudent man, undertaking such w;ork, would have taken notice of and weighed before contracting.
In the Satterlee Oase (30 C. Ols. B., 31,51) the court said:
“If the law casts a duty upon a party, the performance will be excused if by the act of God it becomes impossible; but if a party engages to do something and fails to provide against contingencies the nonperformance is not excused by a contingency not foreseen, and which by its consequence increases the cost and difficulty of performance.”
However, the material question in the case, as we conceive, is, Was the forfeiture clause of the contract quoted intended by the parties as a measure of injury or compensation for the delay, or was it intended as a penalty for failure to perform the contract within the time agreed upon?
One of the earliest cases on that question, and one often *481 quoted and commented on in this court, is that of Van Burén v. Biggs (11 How., 461, 477), wherein tlie defendant in error contracted for the building of a bouse, agreeing “ to forfeit 10 per cent on .the whole amount if the said house is not entirely completed and fit to occupy at the time agreed upon,” and in reference to which the court said:
“The clause of the contract providing for the forfeiture of 10 per centum on the amount of the contract price upon a failure to complete the work by a given day can not properly be regarded as an agreement or settlement of liquidated damages. The term forfeiture imports a penalty; it has no necessary or natural connection with the measure or degree of injury which may result from a breach of contract or from an imperfect performance. It implies an absolute infliction, regardless of the nature and extent of the causes by which it is superinduced. Unless, therefore, it shall have been expressly adopted and declared by the parties to be a measure of injury or compensation, it is never taken as such by courts of justice, who leave it to be enforced, where this can be done, in its real character, viz, that of a penalty.”
That case was followed by this court in the case of Kennedy v. United States (24 C. Cls. B., 122), wherein the court, in speaking of the 10 per cent; reserved until the completion of the work and declaring its forfeiture in case of the annulment of the contract said:
“The 10 per cent reserved until the completion of the work, though declared forfeited by the agreement in case of its annulment, must be treated as a penalty and not as liquidated damages.”
Such, also, was the ruling of the court in the case of Bams (17 C. Cls, B., 201); Pigeon v. United States (27 C. Cls. B., 167); Satterlee’s Case (supra); and Gleason and Gosnell v. The United States (33 C. Cls. B., 65).
In the case of Kaliday v. United States (33 C. Cls. B., 453), a case more analogous to "the one. under consideration, wherein the claimant, in contracting to build a house at the Zoological Park within a specified time, also agreed that:
■ “ In case of neglect or failure of the said parties of the first part to complete the above-mentioned 'house agreeably to and in conformity with the specifications and plans and the terms of this contract, on or before the date specified for the completion thereof, there shall be deducted the sum of $25 per day from the amount thereunder, in the discretion of the Secretary *482 of the Smithsonian Institution, for each and every day that the completion and erection of said house, as agreed, maybe delayed beyond tbe time specified in this contract.”
In that case, notwithstanding the deduction stated was to be made “in the discretion of the Secretary of the Smithsonian Institution,” yet the court held that such deduction could only be made on the basis of actual damages and not as a measure of injury or compensation for the delay.
A still later case is that' of Fdgar and Thompson Foundry and ■Machine Worles v. United States, wherein the contract between the parties contained the following clause:
“And the said party of the first part further agrees to forfeit the sum of twenty-five dollars ($25) per day as liquidated damages for each and every day’s delay in completing either portion of the work embraced in the two deliveries after the said times, the amount thereof to be deducted from any sum which might otherwise be due the said party of the first part in the hands of the light-house engineer, * * * .”
In that case it will be noted that claimant agreed “ to forfeit the sum of twenty-five dollars ($25)per day as liquidated damages,” yet it was ruled, following the decision in the case of Van Burén v. .Di'gges (supra), that the term forfeiture imported a penalty, and though the term forfeiture was followed by the words “liquidated damages,” still the penalty import of the agreement was not changed by the subsequent qualification.
That view of the case is supported by the decision in the case of Bignall v. Gould (119 U. S. It., 495,498), wherein the defendant obligated himself in a bond “ in the penal sum of ten thousand dollars lawful money, liquidated damages,” and in reference thereto the court said: “By the rules now established, at law as well as in equity, the sum of $10,000 named in the bond is a penalty only, and not liquidated damages.”
In the case of Davis v. The United States (supra), involving the question of penalty or liquidated damages, the court said:
“ In determining whether an amount named in a contract is to be taken as penalty or liquidated damages, courts are influenced largely by the reasonableness of the transaction, and are not restrained by the form of the agreement nor by the terms used by the parties nor even by their manifest intent. Where the contract has expressly designated-the amount named as liquidated damages, courts have held that it was a penalty; and, conversely, where the contract has called it a penalty, it *483 bas been held to be liquidated damages; and, again, where the parties have manifestly supposed and intended that an exorbitant and unconscionable amount should be forfeited,.the courts have carried out the intent only so far as it was right and reasonable.
Applying that rule to the case under consideration it is clear that the salary of the inspector, amounting to $256 during the period of delay, should be deducted from the amount so retained by the defendants, as that is actual ascertained damages.
But in respect of the time employed on said work by the steam tug, her officers and crew, regularly in the service of the United States, no- actual damage is shown. The defendants contend that the uncertainty of the amount of the damage in the use of the tug furnishes the reason why the forfeiture clause of the contract was intended by the parties as liquidated damages and not in the nature of penalty.
That inasmuch as the settlement of the amount of damage in the employment and use of the tug was uncertain in their nature, there was nothing unreasonable in the parties by their mutual agreement settling the amount, and this they say on the authority of the cases of Kimble v. Parren (6 Bing., 141, 147), Balcin v. Williams (17 Wend., 447 ; 22 id., 201), and Bag-ley v. Peddie (16 N. Y. B.ep., 472).
There is much reason for the argument advanced, but inasmuch as the actual damage in the use of the tug, her officers and crew, regularly employed in the service of the United States, could have been ascertained if employed or detailed with reference thereto, and as no definite expense appears to have been sustained by reason of such employment, the burden of which is upon the defendants, we fail to see the application of the rule contended for in this case. Besides, we think the authorities to which we have referred both in the Supreme Court and this court modify materially the rule upon which the defendants rely in support of their contention.
For the reason stated we must hold that the forfeiture of the sum of $20 a day for each and everyday’s delay in completing and delivering the work was intended by the parties as a penalty for the failure to perform the contract rather than the measure of injury for the delay; and this, we think, is the reasonable construction of the language used, independent of the intention of the parties, and that, therefore, the claimant *484 is entitled to recover tbe amount so deducted from tbe consideration price of tbe contract, less tbe sum of $256, actual damages sustained in tbe employment of tbe inspector, leaving tbe sum of $1,024 as tbe amount for wbicb judgment will be entered.
Nott, Cb. J., was prevented by illness from taking part in tbis case.