**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOBERT-MANILISAY CRUZ, | No. 19-55684 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-08586-MWF-SS |
| v. | |
| JENNIFER KARAPETIAN, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| STATE OF CALIFORNIA, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted June 2, 2020[**]

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

California state prisoner Nobert-Manilisay Cruz appeals pro se from the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's order dismissing his 42 U.S.C. § 1983 action alleging claims related to his imprisonment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Cruz's action was proper because the action is barred by *Heck v. Humphrey*, 52 U.S. 477 (1994), as success in this action would necessarily imply the invalidity of Cruz's conviction or sentence, and Cruz failed to allege facts sufficient to show that his conviction or sentence has been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement, but must instead seek federal habeas corpus relief).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**