Atkinson, J.,
delivered the opinion of the court:
The claimants, on November 21, 1904, entered into a contract with the defendants, through Maj. J. C. Sanford, Corps of Engineers, U. S. Army, for the construction of a scow to be used in connection with a pontoon pipe line in dredging the Southwest Pass of the Mississippi River, for which the defendants agreed to pay $11,964. Among other provisions the contract contains the following:
“ Sec. 5. It is further expressly understood and agreed that time shall be considered as an essential feature of this contract, and that in case of failure upon the part of the party of the second part to complete this contract as specified and agreed upon, that the party of the second part shall and will pay to the United States the sum of twenty-five dollars ($25) for each and every day the said party of the second part shall delay in the completion of this contract, which said sum of twenty-five dollars per day is hereby agreed upon, fixed and determined by the parties hereto as the damages which the said United States will suffer by such delay and default, and not by way of penalty, and that the said United States shall also have the right to recover from the party of the second part all cost of inspection and superintendence incurred by the said United States during the period of delay and also whatever sums may be expended by the party of the first part in completing the said contract in excess of the price herein stipulated to be paid to the party of the second part for completing the same. And the said party of the first part may deduct or retain all the above mentioned sums out of or from any money or reserved percentage that may be due or become due the party of the second part under this agreement.” ' .
Work on the construction of the scow was to begin within fifteen days after the contract was approved by the Chief' Engineer of the United States Army, and it was to be com *234 pleted within three months from the date of notification of acceptance. December 31, 1904, the contract was approved, and January 5, 1905, claimants were officially notified of its acceptance. The vessel should have been completed and delivered to defendants April 5, 1905, but was not made ready for delivery until July 1, 1905, a delay of 86 days. It,' however, appears that the defendants suffered no loss or damage because of the delay. The defendants, however, concede a deduction of 10 days on account of an improper selection of a place for the building of the scow, for which period claimants were not responsible, leaving 76 days of a delay period for which a deduction was made at the rate of $25 per day under the provisions of section 5 of the contract above quoted.
It must be admitted by the claimants that the sum of $1,900 withheld from them is to be regarded as liquidated damages, unless the fact that the defendants suffered no damages whatever (which is conceded) changes the rule in this respect. In other words, it is admitted that, from the language of the contract, and the character of the damages which the defendants would have sustained, if any, the stipulation to pay the sum of $25 per day is to be regarded as liquidated damages, unless the fact that no damages whatever were sustained removes the question of damages entirely from the case.
In the case of the Sun Printing and Publishing Association v. Moore (183 U. S. R., 662) the Supreme Court decided that—
“ The decisions of this court on the doctrine of liquidated damages and penalties lend no support to the contention that parties may not bona fide, in a case where the damages are of an uncertain nature, estimate and agree upon the measure of damages which may be sustained from the breach of an agreement. On the contrary, this court has consistently maintained the principle that the intention of the parties is to be arrived at by a proper construction of the agreement made between them, and that whether a particular stipulation to pay a sum of money is to be treated as a penalty, or as an agreed ascertainment of damages, is to be determined by the contract fairly construed, it being the duty of the court always, where the damages are uncertain and have been liquidated by an agreement, to enforce the contract.”
*235 Where there is an agreement between parties for the doing or not doing of particular acts the parties may, if they please, estimate beforehand the damages to result from a breach of the agreement and prescribe in the agreement itself the sum to be paid by either by way of damages for such breach. Only where an agreement is ambiguous or doubtful in its provisions, or where the agreement was evidently made for the attainment of another object or purpose, to which the stipulation is wholly collateral, can damages be construed as a penalty. (The L. P. & J. A. Smith Co. v. The United States, 34 C. Cls. R., 482, 483, and cases there cited.)
Whenever damages were evidently the subject of calculation and adjustment between the parties, and a certain sum was agreed upon and intended as compensation and is, in fact, reasonable in amount, it will be allowed by the court as liquidated damages. (1 Sedg. on Dam., sec. 405.)
In the case of the United States v. The Bethlehem Steel Co. (205 U. S. R., 105), the facts, which are substantially the same as in the case at bar, are set forth (p. 114) in the following language: “ It does not appear that the defendants were ready to use the gun carriages hereinbefore described at the time when they were finally delivered by the claimant; nor does it appear that they could have used them on their fortifications if they had been delivered at an earlier day. Nor does it appear that the defendants suffered any injury or damage whatever by the delay of the claimant in delivering the said gun carriages hereinbefore set forth.”
In that case (p. 1.21) the Supreme Court said: “The fact that not very long after the contract had been signed, and the war with Spain was ne.ar its end, the importance of time as an element largely disappeared, and that practically no damage accrued to the Government on account of the failure of the company to deliver, can not affect the meaning of this clause as used in the contract nor render its language substantially worthless for any purpose of security for the proper performance of the contract as to time of delivery.”
In the same case (p. 119) the court further decided that— “ The courts at one time seemed to be quite strong in their views and would scarcely admit that there ever was a valid contract providing for liquidated damages. Their *236 tendency was to construe the language as a penalty, so that nothing but the actual damages sustained by the party aggrieved could be recovered. Subsequently the courts became more tolerant of such provisions, and have now become strongly inclined to allow parties to make their own contracts, and to carry out their intentions, even when it would result in the recovery of an amount stated as liquidated damages, upon proof of the violation of the contract, and without proof of the damages actually sustained.”
Section 5 of the contract in the case at bar provides in unmistakable language for liquidated damages for failure to complete the scow, at the rate of $25 per day after a specified date, which is not excessive, exorbitant, or unconscionable, time being specifically mentioned as the essence of the contract. But it is contended by claimants that 'because the defendants could not have used the scow on account of the stage of water then prevailing in the Mississippi Biver, they suffered no ctual damages because of the delay, consequently no deduction should have been made.
It is not contended in this case, however, that it was known to the parties to the contract that the defendants would not use the scow in question until after the 3d of July. In fact the specifications and contract called for its completion on April 5. A larger sum, we must presume, was contracted to be paid for the scow than would have been paid if its completion had not been demanded until the following July.
The fact that the defendants would not have used the scow until the 3d of July can not alone be taken as conclusive that it was not in the minds of the parties at the time the contract was executed to do what it purports to do; that is, to liquidate the amount of damages suffered by the contractors for failure to complete the scow as per the agreement. This is the only reason given why the language used by the parties should not have its usual, ordinary effect.
Our conclusion is that from the language of the contract it was manifestly the intent of the parties thereto to liquidate the damages in advance, and that the subject-matter was proper to liquidate.
The petition is dismissed.