## MORGAN v. PATILLO. *

(Circuit Court of Appeals, Fifth Circuit. February 26, 1924.)

No. 4242.

1. **Specific performance ⬅31—Allegations held to show sale of timber consummated orally, notwithstanding provision requiring subsequent execution of formal writings.**

In an action for the specific performance of a contract for sale and purchase of timber, averments of bill *held* to show that the contract was consummated orally, that a memorandum signed by seller, "I hereby confirm the sale, * * * said contract to be made and closed up at once," was not merely preliminary to a formal contract subsequently to be made, and that the consummated contract was none the less binding by reason of provision having the effect of requiring the execution of formal writings evidencing it and a stipulated guaranty by a certain person.

2. **Equity ⬅71(1)—Circumstances under which delay not defense stated.**

In a court of equity, delay which neither evidences an abandonment of right under a contract, nor operates to the prejudice of the other party is not a defense.

3. **Equity ⬅24—May relieve from forfeiture for breach of condition subsequent.**

A court of equity can and does grant relief in case of a breach of a condition subsequent, provided adequate compensation can be made.

4. **Contracts ⬅277(1), 279(1)—Rule as to performance, where contract calls for concurrent acts, stated.**

Where time is not essential, and the contract calls for concurrent acts by the parties, neither party is in default prior to one of them tendering performance and demanding performance by the other.

5. **Specific performance ⬅68—Remedy at law held not adequate.**

Where the remedy of buyer of timber at law for breach of contract to sell would be an action for damages for loss of expected profits, depending on future events and circumstances during six years, within which he was to have the right to cut and remove the timber, he was entitled to specific performance on the ground that his remedy at law was not plain, adequate, and complete.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied April 1, 1924.

Suit in equity by Frank A. Morgan against S. J. Patillo. From a decree (293 Fed. 141) sustaining a motion by defendant to dismiss the bill, complainant appeals. Reversed and remanded.

W. M. Toomer, W. T. Stockton and Herman Ulmer, all of Jacksonville, Fla., for appellant.

George C. Bedell, of Jacksonville, Fla. (Shepard Bryan and Grover Middlebrooks, both of Atlanta, Ga., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and SIBLEY, District Judge.

WALKER, Circuit Judge. This is an appeal from a decree sustaining a motion made by the appellee to dismiss a bill in equity filed against him by the appellant. The bill contained allegations to the following effect:

On May 1, 1922, at Atlanta, Ga., appellee, a resident citizen of Fulton county, Ga., agreed orally with appellant, a resident citizen of Duval county, Fla., that he would sell all of the sawmill timber, both pine and cypress, on certain lands in Madison county, Fla., which appellee represented that he owned, and appellant agreed to buy that timber. Thereupon appellee made and delivered to appellant a written memorandum of said contract; that memorandum being signed by appellee, having attached to it a list of the lands containing the timber referred to in said contract, and being in words and figures as follows:

"Atlanta, Ga., 5/1/22.

"Mr. Geo. Rentz, Jaxville, Fla.—Dear Sir: I herewith confirm sale made by you this day to F. A. Morgan of all the sawmill timber, both pine and cypress, on my certain lands in Madison county, Fla., as per attached list. Said sale and payment as follows:

"Timber, $5.00 per M.

"Pine to be cut all suitable and sawlogs down to and including 12 in., 18 in. above the ground.

"Cypress, 14 in., but to be cut above the flare.

"$10,000.00 cash on signing of papers, to be applied on timber last cut.

"$2,250.00 per month, based on minimum cut per month of 450 M feet per month.

"All logs to be scaled in woods at log yard by personal representative of each party or joint scaler. Screven Doyle's log scale to be used, and said Morgan to have six years from date in which to cut and remove said timber. Said Morgan to begin cutting in twelve months or earlier. Should said Morgan fail to begin cutting in time named, he to pay for minimum amount as above set out as if he was cutting, and from month to month; but should, at any time during life of contract, the lumber market get so low as to cause a loss in operation, the said Morgan shall have the right to close down in periods of 60 to 120 days, and such shut-down shall not operate against the contract made.

"The said Morgan to have contract guaranteed as to payment and performance by Mr. M. V. Gress.

"Said contract to be made and closed up at once; all settlements to be made the 10th of each month for each preceding month. S. J. Patillo."

On May 15, 1922, appellant, at appellee's place of business in Fulton county, Ga., tendered to appellee $10,000 in lawful money of the United States as and for the cash payment provided for in said contract, and a written contract executed by appellant in duplicate on

May 13, 1922, to each original of which was attached the signed guaranty of M. V. Gress unto appellee for the full performance and payment by appellant, his heirs and assigns, of all and singular the covenants and agreements and sums to be paid under said contract; a copy of that instrument being annexed to the bill and made an exhibit to and a part thereof. Then and there appellant requested and demanded that appellee execute in duplicate the instrument so tendered. At the same time and place appellant handed to appellee a letter, dated at Jacksonville, Fla., May 3, 1922, signed by appellant, and addressed to appellee, a copy of which was made an exhibit to the bill. That letter expressed the above-stated tender and contained the following:

"If the contract which I have prepared does not express the agreement as contained in your letter of May 1, 1922, or is otherwise not in form in accordance with the contract, you are at liberty to prepare your own contract in form for execution, expressing your agreement made in the letter of May 1, 1922, and I will accept your draft of the contract. You may prepare the same, if you care to, in duplicate, and I will execute both copies, you doing the same, and exchange originals with you."

Then and there, on May 15, 1922, appellee refused to accept the money tendered, refused to comply with appellant's demand and request to execute a contract with respect to the sale and purchase of said timber, and then and there stated to appellant that he had disposed of said timber to other parties. Appellee had not then, and has not since, made any bona fide, valid, and concluded disposition of said timber to anyone, and has not disabled himself from the performance of his said contract of May 1, 1922. The bill contained allegations as to the profits appellant would have made in manufacturing the timber mentioned, if appellee had complied with said contract, and renewed the above-mentioned tender. The bill prayed that the alleged contract be specifically enforced, and, in the alternative, prayed for an accounting and an award of damages in the event of it being made to appear that, prior to the filing of the bill, appellee had disposed of said timber or otherwise disabled himself from performance of said contract. The motion to dismiss the bill stated the following grounds:

"(1) The said bill states no cause of action against this defendant.

"(2) It plainly appears from the concluding paragraph of the memorandum set forth in paragraph 4 that the said memorandum was but preliminary to a formal contract subsequently to be made and agreed upon by the parties.

"(3) It is not alleged that the schedule of description set forth at the conclusion of the fourth paragraph of the bill at the time of the delivery thereof, or that it formed a part of said memorandum.

"(4) The supposed contract set forth in the fourth paragraph of the bill is void for uncertainty.

"(5) The supposed contract set up in the bill is not such a contract as equity will enforce specifically.

"(6) The bill alleges no legally recoverable damage sustained by the plaintiff."

The opinion rendered by the District Judge shows that he based his action on the second ground stated in the motion to dismiss.

[1] We are of opinion that the ground upon which the trial court based its ruling was not a tenable one. The averments of the bill are specific and unequivocal to the effect that the agreement sought to be enforced was orally made, and that thereupon appellee made and de-

livered to appellant the written memorandum, a copy of which is set out above. The language of that instrument, "I herewith confirm sale made by you this day to F. A. Morgan of all sawmill timber," etc., shows that the writer recognized and confirmed a sale contract made before that instrument was written. The language of that instrument is consistent with the averment of the bill to the effect that it was a memorandum of the terms of a previously made oral agreement. Considered in connection with the just-quoted initial words of that instrument, the provision contained in its concluding sentence, "Said contract to be made and closed up at once," is to be understood to mean that the document or documents evidencing the contract, including the stipulated guaranty and the stated cash payment, are to be made at once. The last-quoted provision cannot properly be given the effect of showing the nonexistence of a contract which the instrument itself in its first sentence referred to as already made, a confirmation of it being expressed.

The averments of the bill negative the conclusion that the above set out instrument, signed by the appellee, was merely an offer or part of a negotiation with reference to a contemplated contract, which was not consummated. On the contrary, those averments show that the parties made a contract all the terms of which were agreed on. This being so, the contract entered into was not rendered ineffective by the fact that under its terms the acquisition by the appellant of the benefits he contracted for was dependent or conditioned upon his making the stipulated cash payment and procuring a guaranty of his obligations by Gress. And the consummated contract was none the less binding by reason of the provision of it having the effect of requiring the execution of formal writings evidencing it and the stipulated guaranty by Gress. Norris, Inc., v. M. H. Reed & Co. (C. C. A.) 278 Fed. 19; Brown-Crummer Co. v. W. M. Rice Const. Co. (C. C. A.) 285 Fed. 673; 13 Corpus Juris, 290. An effect of the alleged contract was to entitle the appellant to the benefits he contracted for upon his doing and procuring to be done what the contract required of him.

[2-4] The contract alleged shows that concurrent acts were to be done by appellant and appellee. It is to be inferred that the papers to be signed included one or more to be signed by the appellee. It was not made incumbent on appellant to prepare or have prepared the paper or papers which appellee was to execute. Promptness in performance was required of appellee as well as of appellant. Though the provision, "Said contract to be made and closed up at once," be regarded as showing that it was contemplated that what was to be done in pursuance of that provision was to be done sooner than appellant tendered performance, it does not follow that appellant's delay deprived him of the right to require performance by the appellee. In a court of equity the rule is that a delay which neither evidences an abandonment of right, nor operates to the prejudice of the other party, is not a defense. In case of a condition subsequent, a court of equity can and does grant relief in case of a breach of such a condition, provided that adequate compensation can be made. Furthermore, where time is not essential, and the contract calls for concur-

rent acts by the parties, neither party is in default prior to one of them tendering performance and demanding performance by the other. Pomeroy on Contracts, §§ 393, 395; 36 Cyc. 730. In the circumstances disclosed by the averments of the bill, it not appearing that appellee tendered performance "at once," or that he was ready and willing to do so, or that appellant's delay caused an injury to appellee for which he could not be fully compensated, the failure of appellant to tender performance sooner did not deprive him of the rights conferred upon him, subject to his compliance with conditions prescribed; he being subject in a court of equity to be required to compensate the appellee for any injury caused to the latter by the delay, assuming that performance was not tendered within the time contemplated by the parties.

[5] The contract alleged is not lacking in requisite certainty. Appellant's remedy at law for being wrongfully deprived of the benefits of the contract would be an action for damages for loss of expected profits, depending upon future events and circumstances during the six years within which he was to have the right to cut and remove the timber mentioned. Such expected profits are necessarily so conjectural that appellant's remedy at law cannot well be regarded as plain, adequate, and complete. In such a situation a court of equity properly may require specific performance of the contract. Pomeroy on Contracts, § 15.

We conclude that the above-mentioned ruling was erroneous. Because of that error the decree is reversed, and the cause is remanded for further proceedings.

Reversed.