## MORGAN v. PATILLO.

Circuit Court of Appeals, Fifth Circuit.
February 28, 1928.

No. 5141.

Contracts ☞19—Acceptance of offer cannot create binding contract, where withdrawn before communicated to accepting party by his agent.

Acceptance of offer cannot create binding contract, where offer was withdrawn before it was communicated to accepting party by his agent.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Lake Jones, and William I. Grubb, Judges.

Suit in equity by Frank A. Morgan against S. J. Patillo. Decree for defendant, and complainant appeals. Affirmed.

See, also, 1 F.(2d) 326.

Wm. M. Toomer, W. T. Stockton, Herman Ulmer, and Charles H. Murchison, all of Jacksonville, Fla. (Stockton, Ulmer & Murchison, of Jacksonville, Fla., on the brief), for appellant.

Grover Middlebrooks and Shepard Bryan, both of Atlanta, Ga., and George C. Bedell, of Jacksonville, Fla. (Chester Bedell, of Jacksonville, Fla., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. When this case was here before, a decree sustaining a motion of the appellee to dismiss the bill was reversed. Morgan v. Patillo (C. C. A.) 297 F. 140. After the remandment of the case appellee's answer to the bill put in issue its allegations as to the making of a contract by the parties.

We are of opinion that the evidence adduced was not such as to require the conclusion that those allegations were sustained. The evidence was consistent with findings that on. May 1, 1922, the appellee for the first time agreed in an interview with George Rentz, who was acting as appellee's agent to negotiate a sale of timber on certain lands in Madison county, Florida, to sell that timber at a stated price per 1,000 feet, and then signed a memorandum in the form of a letter addressed to Rentz, setting out the terms of sale of such timber to appellant, that appellee was induced to consent to the contract evidenced by that memorandum by a material false representation made by Rentz, who was a paid employé of parties interested in the purchase of the timber, and that before that memorandum, or the terms of sale embodied therein, were communicated to appellant, or accepted by him, appellee withdrew his consent to carry out the contract to be evidenced by that instrument.

That memorandum could not bind appellee as a contract prior to its terms being communicated to appellant, and there could have been no effectual express or implied acceptance by appellant of the proposal embodied in that memorandum after the appellee's withdrawal of that proposal before the terms of it were communicated to appellant. Davis v. Wells, 104 U. S. 159, 26 L. Ed. 686; Williston on Contracts, §§ 70, 71. The decree dismissing the bill is sustainable on the ground that the court was justified in concluding from the evidence that the instrument relied on as the basis of the relief sought did not become a contract enforceable against the appellee.

That decree is affirmed.